[Civ. No. 22057. Second Dist., Div. One. May 17, 1957.]

MANLY L. BEACH, Appellant, v. CONTRACTORS STATE LICENSE BOARD et al., Respondents.

Willard D. Decker for Appellant.

Edmund G. Brown, Attorney General, and Arthur Louis Martin, Deputy Attorney General, for Respondents.

DORAN, J.—On November 3, 1955, the Contractors State License Board found that appellant, Manly L. Beach, a building contractor, had violated sections 7107, 7112, 7113 and 7120 of the Business and Professions Code, and revoked appellant's general contracting license. Thereafter, Beach filed in the superior court a petition for a writ of mandate to compel the respondent board and its members to set aside the order of revocation and reinstate appellant as a licensed contractor.

On March 2 and 5, 1956, the superior court heard the matter and found that the weight of the evidence supported the findings of the respondent board, that appellant had received a fair trial before the hearing officer, and that there had been no abuse of discretion. The peremptory writ of mandate was denied and the alternative writ discharged. This appeal followed.

The sections of the Business and Professions Code which appellant was found to have violated included section 7107, "Abandonment without legal excuse of any construction project"; section 7112, relating to "Misrepresentation of a material fact by an applicant in obtaining a license"; section 7113, "Failure in a material respect . . . to complete any construction project or operation for the price stated," etc.; and section 7120, "Wilful or deliberate failure . . . to pay any moneys, when due for any materials or services."

It is appellant's contention that "The weight of the evidence

does not support the findings of the hearing officer"; that "There is no substantial evidence to support the findings of the trial court"; and that "There was a prejudicial abuse of discretion of the trial court."

The record discloses evidence to the effect that in November, 1953, appellant commenced work on a residence in La Crescenta under a written contract with Mr. and Mrs. E. E. Hall, at a total price of $11,500. The house was to be "completed in not more than one-hundred and fifty days," which would bring the completion date in April, 1954.

 In early 1954, after having been informed by Mr. Hall of the danger, appellant permitted rain and moisture to enter the open structure, resulting in damage to cabinets, walls and ceilings. In April, 1954, the appellant sent Hall an "invoice" for "extras," totaling more than $900. The house was still incomplete and Hall had already paid Manly $11,459.30, but then agreed to pay an additional $474 for the so-called extras, plus $196 as an inducement to appellant to complete the construction.

There was testimony that appellant had informed Hall that the project would not be completed unless the "extras" were paid for. Some of the "extras" were items called for in the original specifications. After this payment, appellant insisted that Hall pay further sums for items listed in the original contract, and again informed Hall that otherwise the house would not be completed.

Appellant left the project in May, 1954, the same being incomplete in respect to various items such as a garbage disposal unit, etc. Other items were not completed in accordance with specifications, and certain doors were installed in a damaged condition. The appellant failed to make payment to certain subcontractors and material men although Hall had never failed to make payments due to appellant; in some instances these payments had not been made at the date of hearing. Mr. Hall finally completed the structure after appellant had ceased to work thereon. In November, 1954, following a meeting between appellant, Hall and investigators, appellant caused some further work to be done.

In January, 1955, appellant and one Hardin filed a license application with the Contractors State License Board as a partnership doing business as Allied Sanitation. To a question "Are there now any unpaid past due bills or claims for labor, materials, or services, outstanding and unsatisfied, as a result of the operations of any person listed under 'Personnel of

Applicant' or any construction organization in which any such person was a member of the personnel?" appellant answered "No." At that time there were actually several due and unpaid bills.

■ As said in *Ashdown* v. *State of Calif. Dept. of Emp.* 135 Cal.App.2d 291, 299 [287 P.2d 176], "In a mandamus proceeding in a trial court, wherein a decision of an administrative agency having statewide jurisdiction is reviewed, the trial court is authorized to exercise its independent judgment on the evidence (*Moran* v. *Board of Medical Examiners,* 32 Cal. 2d 301, 308 [196 P.2d 20]) ; but upon an appeal from the judgment of the trial court in such a proceeding the province of the appellate court, with respect to the sufficiency of the evidence, is whether there is any substantial evidence which will support the judgment."

Applying the above rule to the instant case, appellant's contentions in respect to the evidence must be overruled. ■ In effect, appellant's brief seeks a reconsideration and evaluation of the evidence, or a retrial of the issues. Such is not the function of a reviewing court. That the record discloses substantial evidence in support of the judgment rendered cannot be doubted. ■ Under the rule hereinbefore stated, any conflicts in the evidence may be disregarded. ■ The evidence herein epitomized amply supports the determination that appellant had violated provisions of the Business and Professions Code subjecting the contractors license in question to disciplinary proceedings.

The record fails to support any of the appellant's contentions. On the contrary it seems apparent that appellant has received a fair and impartial trial of all the issues, both at the original hearing and in the superior court. There appears to have been no abuse of discretion, nor reversible error at any point in the proceedings, and the revocation of appellant's license cannot be deemed an unreasonable penalty. The appellant's argument that Mr. Hall suffered no injury is untenable.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 10, 1957.